IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,823-01






EX PARTE EDWIN CARL DEBROW, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 15,186-A IN THE 411
TH JUDICIAL DISTRICT COURT


FROM POLK COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault and was
sentenced to four years' imprisonment. His sentence was stacked on a previous juvenile disposition, which
he was serving at the time he committed the aggravated assault offense. As the result of an out-of-time
appeal from the juvenile adjudication and disposition, the Fourth Court of Appeals reversed the trial court's
order of disposition, and remanded that cause for a new disposition hearing. In re E.C.D., No. 04-05-003391-CV (Tex. App. - San Antonio, February 21, 2007).


 Applicant contends that when his juvenile disposition was reversed, TDCJ should have recalculated
his sentence begin date for the aggravated assault conviction, because the sentence upon which it was
stacked had ceased to operate. Applicant has alleged facts that, if true, might entitle him to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in that
it shall order the Texas Department of Criminal Justice's Correctional Institutions Division and Parole
Division, to file affidavits stating whether Applicant has had a new disposition hearing for the juvenile
adjudication, and if so, what the result of that hearing was. The affidavit should state whether or not
Applicant's sentence begin date for the aggravated assault was adjusted when his juvenile disposition was
reversed, and should describe TDCJ's policy in cases where the first of two stacked sentences is reversed
or vacated. The affidavit should state whether or not Applicant is receiving credit for any of the time served
on the aggravated assault conviction, and if so, how much time. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate case,
the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing, it shall
determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel,
the trial court shall appoint an attorney to represent Applicant at the hearing. Tex. C ode Crim. Proc.
Art. 26.04.

 The trial court shall make findings of fact as to whether TDCJ is correctly calculating the sentence
begin date and the amount of time served, if any, on the aggravated assault conviction. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: December 5, 2007

Do not publish